IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CELESTE BORYS, et al.,<br><br>　　　Plaintiffs,<br><br>v.<br><br>TIMOTHY BALLARD, et al.,<br><br>　　　Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:24-cv-00794-RJS-JCB<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

Before the court are Plaintiffs' Motion for Default Judgment Against Defendant Aerial Recovery[1] and Aerial Recovery's Motion to Set Aside the Default Certificate.[2] For the reasons explained below, the court GRANTS the Motion to Set Aside and DENIES as moot the Motion for Default Judgment.

## BACKGROUND

This case concerns alleged violations of the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1595.[3] After filing its Amended Complaint on May 27, 2025,[4] Plaintiffs filed proof of service reflecting Aerial Recovery's managing agent was personally served on June 18, 2025.[5] On July 29, 2025, after Aerial Recovery failed to appear, Plaintiffs filed a Motion for Entry of Default against it.[6] Consistent with Federal Rule of Civil

---

[1] Dkt. 25, *Plaintiffs' Motion for Default Judgment Against Defendant Aerial Recovery* (*Motion for Default Judgment*).

[2] Dkt. 30, *Motion to Set Aside Default Certificate* (*Motion to Set Aside*).

[3] *See* Dkt. 8, *First Amended Complaint for Anti-Trafficking*.

[4] *Id.*

[5] Dkt. 18, *Proof of Service*.

[6] Dkt. 22, *Motion for Entry of Default Against Aerial Recovery*.

1

Procedure 55, the Clerk of Court entered a Default Certificate against Aerial Recovery (Entry of Default).[7] When Plaintiffs moved for default judgment,[8] Aerial Recovery appeared and filed its Motion to Set Aside the Default Certificate.[9] The Motion to Set Aside is fully briefed.[10]

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(c), this court "may set aside an entry of default for good cause."[11] "The good cause standard is fairly liberal because '[t]he preferred disposition of any case is upon its merits and not by default judgment.'"[12] In determining whether good cause exists, the Tenth Circuit instructs district courts to "consider, among other things, whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented."[13] The moving party has the burden to demonstrate good cause.[14]

## ANALYSIS

Aerial Recovery argues each of the three factors support finding good cause to set aside the Entry of Default.[15] First, it contends its "failure to appear was not intentional or the result of

---

[7] Dkt. 24, *Default Certificate*; *see also* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

[8] *Motion for Default Judgment*.

[9] *Motion to Set Aside*.

[10] *See* Dkt. 34, *Plaintiffs' Opposition to Defendant Aerial Recovery's Motion to Set Aside Default Certificate* (*Motion to Set Aside Opposition*); Dkt. 37, *Defendant Aerial Recovery's Reply in Support of Motion to Set Aside Default Certificate*.

[11] Fed. R. Civ. P. 55(c).

[12] *QFA Royalties LLC v. Liberty Holding Grp., Inc.*, No. 06-cv-00948-LTB-MEH, 2007 WL 2071633, at *1 (D. Colo. July 16, 2007) (quoting *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970)).

[13] *Pinson v. Equifax Credit Info. Servs, Inc.*, 316 F. App'x 744, 750 (10th Cir. 2009) (citation modified).

[14] *See Gomes*, 420 F.2d at 1366 ("[T]he trial court ought not reopen a default judgment simply because a request is made by the defaulting party; rather, that party must show that there was good reason for the default and that he has a meritorious defense to the action." (citations omitted)).

[15] *See Motion to Set Aside*.

culpable conduct" because it did not receive actual notice of this action until July 30, 2025, and thereafter had difficulty obtaining local counsel due to its location out-of-state and its CEO's serious health issues.[16]  Second, Aerial Recovery argues it has a meritorious defense because it was not involved "in the conduct at issue in this lawsuit."[17]  And finally, Aerial Recovery argues Plaintiffs will not suffer prejudice if the Entry of Default is set aside because this matter is in its initial stages.[18]

In Opposition, Plaintiffs first contend Aerial Recovery failed to rely on competent evidence to establish any of its assertions in the Motion to Set Aside.[19]  Turning to the merits, Plaintiffs contest each of Aerial Recovery's arguments.  Plaintiffs cite evidence demonstrating (1) Plaintiffs served Aerial Recovery in-person through its "managing agent;" (2) Aerial Recovery's CEO recently participated in a press interview and international travel; and (3) sworn testimony establishes Aerial Recovery was involved in the conduct at issue in this case.[20]  Plaintiffs also argue they will be prejudiced if the Entry of Default is set aside because they have already expended significant resources litigating this matter and further delay constitutes prejudice.[21]

The court agrees with Plaintiffs that Aerial Recovery demonstrated a lack of diligence in responding to the Amended Complaint, and there are questions as to the merit of some of its counsel's representations to the court in the Motion to Set Aside.  But the court assumes counsel has abided by Federal Rule of Civil Procedure 11's command that "the factual contentions" in

---

[16] *Id.* at 3.

[17] *Id.*

[18] *Id.*

[19] *See Motion to Set Aside Opposition* at 6, 8–12.

[20] *Id.* at 8–12.

[21] *Id.* at 9.

the Motion to Set Aside "have evidentiary support."[22] Beyond that, this case is in its infancy. Motions to dismiss were recently filed and the pleadings are not yet fixed. Any prejudice to Plaintiffs is minimal and overwhelmingly outweighed by the prejudice to Aerial Recovery if it is denied the opportunity to defend against the claims on the merits. Accordingly, the court finds Aerial Recovery has established good cause to set aside the Entry of Default.

## CONCLUSION

For the foregoing reasons, the court GRANTS the Motion to Set Aside[23] and DENIES as moot the Motion for Default Judgment.[24] The court VACATES the Entry of Default against Aerial Recovery.[25] Aerial Recovery shall respond to the Amended Complaint within fourteen days.

SO ORDERED this 1st day of October 2025.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge

---

[22] Fed. R. Civ. P. 11.

[23] Dkt. 30.

[24] Dkt. 25.

[25] Dkt. 24.