Alina Veneziano
UT Bar No. 19423
Oberheiden, P.C.
625 S. 6th Street
Suite #301
Las Vegas, NV 89101
(702) 209-7570
alina@federal-lawyer.com

*Attorneys for Defendant Aerial Recovery*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| CELESTE BORYS, MARY HALL, SASHLEIGHA HIGHTOWER, KRISTA KACEY, KIRA LYNCH, and BREE RIGHTER,<br><br>Plaintiffs,<br><br>v.<br><br>AERIAL RECOVERY, a Tennessee Non-profit corporation; TIMOTHY BALLARD, an individual, and DOES 1 through 100,<br><br>Defendants. | **DEFENDANT AERIAL RECOVERY'S BRIEFING ON *COLORADO RIVER* DOCTRINE**<br><br>Civil Case No. 2:24-cv-000794-RJS<br><br>Judge Robert J. Shelby |

Defendant Aerial Recovery files this Response to this Court's Order requiring briefing on the question whether it should stay this case under the *Colorado River* doctrine pending resolution of related state cases. (Dkt. 55). For the reasons stated below, the answer should be "yes."

I.  **This Court Should Apply The *Colorado River* Doctrine To Avoid Litigation That Is Duplicative Of State Court Cases**

"[A]t times, reasons of wise judicial administration must weigh in favor of permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding." *D.A. Osguthorpe Family P'ship v. Asc Utah, Inc.*, 705 F.3d 1223, 1233 (10th Cir. 2013) (internal quotation marks and citations omitted). The avoidance of duplicative litigation "is at the core of the Colorado River doctrine." *D.A. Osguthorpe Family P'ship*, 705 F.3d at 1233 (internal citation omitted). The Supreme Court recognized that some "exceptional" circumstances permit "dismissal of a federal suit due to the presence of a concurrent state proceeding." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976).

The *Colorado River* Court established four factors to aid in determining whether dismissal was warranted: (1) whether the state or federal court first assumed jurisdiction over the same res; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which jurisdiction was obtained by the concurrent forums. *Id*. at 818. In applying the fourth factor, the inquiry focuses on how much progress has been made in the other actions. That factor, as well as factors one and three, weighs heavily in favor of abstention here.

The Utah state court had already overseen over a year of intensive litigation, in three separate cases, before the federal court's jurisdiction was invoked. There are three cases currently pending in the Third Judicial Circuit District Court, Salt Lake County, Utah by some of the plaintiffs in this action against Ballard, Operation Underground Railroad, Matthew Cooper, and others, as referenced by Defendant Ballard in his Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. 21-1). All of those cases are active and continuing against Defendant Ballard. This Court should stay this case based on the *Colorado River* doctrine. The factors set forth by the U.S. Supreme Court weigh heavily in favor abstention. First, Utah state courts first assumed

jurisdiction in three cases brought by some of the same plaintiffs against Ballard and others in 2023. All cases are currently pending in the Third Judicial Circuit, Salt Lake County District Court. In *Righter v. Ballard et al.*, Case Number: 230908862 (filed November 2, 2023), a motion to dismiss all but Ballard was granted on December 5, 2025; there have been 201 docket entries as of this writing. In *A.A. et al. v. Ballard, et al.*, Case Number: 230907663 (filed October 10, 2023), a motion to dismiss all but Ballard was filed on December 12, 2025; currently 1,445 docket entries. In *W.W. et al. v. Ballard, et al.*, Case Number: 230907617 (filed October 9, 2023), an order dismissing all defendants except Ballard was filed on December 2, 2025. As of this writing, there are 866 docket entries in that case.[1]

The allegations in those cases, though brought under state law, are the same: Ballard and various defendants engaged in sex trafficking of plaintiffs. *See* Dkt. 21-2, 21-4, 21-6. Notably, although Aerial Recovery was not named in any of these lawsuits, the "Couples Ruse" – the central claim that Plaintiffs use to tie Aerial Recovery to Ballard – features heavily in all of the state court complaints. *Id*. (34 mentions in First Amended Complaint, *Righter v. Ballard et al.*, Case No. Case No. 230908862; 81 mentions in SAC, *A.A. et al. v. Ballard, et al.*, Case Number: 230907663, which also includes a count under Utah's sex trafficking law; and 38 times in *W.W. et al. v. Ballard, et al.*, Case Number: 230907617). In other words, the allegation that Ballard and others used the "Couples Ruse" to manipulate plaintiffs into sexual acts is central to all of the state court complaints, as well as the instant case, where Plaintiffs refer to the "Couples Ruse" over 40 times in the Second Amended Complaint.

---

[1] In addition, there are at least two cases proceeding in the Fourth Judicial District Court, Provo District Court, in which Ballard has sued certain Plaintiffs for slander, liable, and defamation. Oral argument in one is set for December 30 of this year. Notably, in Case Number: 230907617, plaintiffs moved to consolidate that case with the two pending defamation cases for the purpose of judicial economy and preventing inconsistent results.

Second, allowing the case to proceed in this Court virtual guarantees that this Court will participate in piecemeal litigation—a central concern of the Colorado River court. Finally, as discussed above, jurisdiction was first obtained by the ongoing three Utah state court cases, before Plaintiffs filed in federal court. Those cases have litigated the substance of Plaintiffs' claims, and are even poised to move to trial.

In contrast, here, the parties are at the beginning; Plaintiffs just filed a Second Amended Complaint on November 21 of this year, Dkt. 57. Defendant Aerial Recovery must answer or otherwise respond by December 18 (Aerial Recovery is concurrently filing a motion to dismiss the SAC), while defendant Ballard has until January 12, 2026, to file his response, which is likely to be a motion to dismiss as well. This Court has cancelled the hearing on the motions to dismiss scheduled for February 10, 2026, and will be reset at a later date if necessary. The *Colorado River* doctrine, and this Court's fundamental interest in judicial economy, support abstention.

Finally, although Aerial Recovery is a recent newcomer to this years-long litigation—Aerial Recovery was only named in this lawsuit in Plaintiffs' First Amended Complaint filed on May of this year—it is appropriate to stay the case against Aerial Recovery, too. The allegations against Aerial Recovery are entirely derivative of those made against Ballard and others. Plaintiffs claim that Ballard "developed [the Couples Ruse] with his associates at Aerial Recovery (¶ 33); that Aerial Recovery and Ballard "developed the "Couples Ruse" which Ballard then used with his organization (¶ 34); that two of the alleged sexual assaults of Plaintiffs by Ballard occurred while Ballard was traveling to attend a Board of Directors meeting for Aerial Recovery (¶¶ 39 and 76); and one of Plaintiffs alleges that Ballard acted in appropriately toward her while she was staying at a property owned by the leaders of Aerial Recovery (¶ 206).[2]

---

[2] Plaintiffs also alleges that Ballard has worked with some of Ballard's associates; that Ballard has appeared publicly wearing Aerial Recovery hats and t-shirts, and that Aerial Recovery is working on a movie with him, "despite

Thus, this case presents the "clearest of justifications" for abstention as required by the *Colorado River* doctrine.

Dated: 18 December 2025

/s/ Alina Veneziano
Alina Veneziano
UT Bar No. 19423
Oberheiden, P.C.
625 S. 6th Street
Suite #301
Las Vegas, NV 89101
(702) 209-7570
alina@federal-lawyer.com

*Attorneys for Defendant Aerial Recovery*

---

knowing that Ballard was accused of multiple sexual assaults." 43 and 44. These allegations have no bearing on Aerial Recovery's alleged liability in this case, and, notably, Ballard has not been charged with any crimes.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **Response to Court Order Requiring Briefing On the Colorado River Doctrine** was served via the Court's CM/ECF notification system on all counsel of record.

DATED this 18th day of December, 2025.

/s/ Alina Veneziano
Alina Veneziano
UT Bar No. 19423
Oberheiden, P.C.
625 S. 6th Street
Suite #301
Las Vegas, NV 89101
(702) 209-7570
alina@federal-lawyer.com

*Attorneys for Defendant Aerial Recovery*