# EXHIBIT C

**The Order of the Court is stated below:**
**Dated:** May 13, 2025          /s/   DENISE M PORTER
05:12:07 PM                District Court Judge



Gregory M. Saylin, 9648
Tyson C. Horrocks, 12557
Patrick R. Charest, 17184
Sarah M. Perkins, 17297
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101-2194
Telephone: 801.799.5800
*GMSaylin@hollandhart.com*
*TCHorrocks@hollandhart.com*
*PRCharest@hollandhart.com*
*SMPerkins@hollandhart.com*

Jennifer C. Terry (Cal. Bar 200541)
(*Admitted Pro Hac Vice*)
REED SMITH LLP
515 South Flower Street, 43rd Floor
Los Angeles, CA 90071
Telephone: (213) 457-8000
*jennifer.terry@reedsmith.com*

*Attorneys for Non-Parties David Jacobs and Operation Underground Railroad, Inc.*

---

## IN THE FOURTH JUDICIAL DISTRICT COURT
## UTAH COUNTY, STATE OF UTAH

| | |
|---|---|
| TIMOTHY BALLARD,<br><br>    Plaintiffs,<br>v.<br><br>AMY MORGAN DAVIS.,<br><br>    Defendant. | **PROTECTIVE ORDER FOR DEPOSITION OF DAVID JACOBS**<br><br>Civil No.: 240100274<br><br>Judge: Denise M. Porter |

Pursuant to Rule 26 of the Utah Rules of Civil Procedure, the Court, having reviewed the pleadings and taking into account the arguments made at the April 28, 2025 hearing, and finding

that good cause exists to grant the Protective Order for Deposition of David Jacobs submitted by Operation Underground Railroad, Inc. as modified herein,

IT IS HEREBY ORDERED THAT:

This Protective Order ("PO") applies to all designated information, documents, and other materials produced and/or discussed at the deposition of David Jacobs consistent with the disclosure or discovery duties created by the Utah Rules of Civil Procedure. All designations made pursuant to the PO must be made in good faith by Mr. Jacobs and/or Operation Underground Railroad and its affiliates (collectively "O.U.R.").

**(A) Definition and Designation of CONFIDENTIAL or ATTORNEYS' EYES ONLY.**

Designation of information under this PO must be made by marking or labeling the information, documents, or other materials CONFIDENTIAL or ATTORNEYS' EYES ONLY in a manner that will not interfere with its legibility.

(1) CONFIDENTIAL. A person or entity who produces information, documents, or other materials may designate them as CONFIDENTIAL when they in good faith believe the information, documents, or materials contain trade secrets or nonpublic proprietary confidential technical, scientific, financial, business, health, medical, or personnel information, or other information which involves the privacy interests of Mr. Jacobs, O.U.R., and any current or former employees, contractors, or consultants of O.U.R. All information, documents, or other materials produced by O.U.R. will be presumed to be CONFIDENTIAL unless otherwise designated by O.U.R.

(2) ATTORNEYS' EYES ONLY. A person or entity who produces information, documents, or other materials may designate them as ATTORNEYS' EYES ONLY when they in good faith believe the information, documents, or other materials contain:

    a)      sensitive information relating to O.U.R.'s operations (aka ops), techniques, missions, victims, Mr. Jacobs, and any current or former employees, contractors, consultants of O.U.R;

    b)      sensitive business information including highly sensitive operational, financial, or marketing information including the identity of contractors or vendors (potential and actual)

    c)      competitive business information including nonpublic financial or marketing analyses or comparisons of competitor's services and strategic planning; or

    d)      any other CONFIDENTIAL information the producing party reasonably and in good faith believes would likely cause harm if disclosed to anyone other than those listed in section (B)(1)(a)-(e).

(3) A person or entity may designate Mr. Jacob's deposition testimony or deposition exhibits as CONFIDENTIAL or ATTORNEYS' EYES ONLY when the deposition is taken by requesting the court reporter so designate in the transcript or within 5 days of receipt of the deposition transcript by the party making the designation.

(4) A nonparty producing information (including testimony), documents, or other materials, may designate the information (including testimony), documents, or other materials as CONFIDENTIAL or ATTORNEYS' EYES ONLY.

**(B) Disclosure and Use of Information, Documents, or Other Materials Designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY.**

(1) CONFIDENTIAL. The parties and counsel for the parties must not disclose or permit the disclosure of any information, documents, or other materials designated as CONFIDENTIAL by any other party or nonparty under this PO, except that disclosures may be made to the following:

    a)    counsel for a party, who are acting in a legal capacity and are actively engaged in this matter;

    b)    counsel's client;

    c)    court personnel;

    d)    court-appointed special masters;

    e)    court reporters, recorders, and videographers engaged for depositions;

    f)    court-appointed or jointly-selected mediator or arbitrator;

    g)    technical advisor, including an outside expert, consultant, or investigator, who is not a party to the action, not presently employed by the receiving party or a company affiliated through common ownership, but has been retained to provide technical or other expert services (e.g., expert testimony or assist in litigation or trial preparation), but no disclosure shall be made until a signed Acknowledgment and Agreement to be Bound (Attachment A) has been provided to the receiving party;

    h)    deposition and trial witnesses in connection with their testimony in the lawsuit;

4

      i)      independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation;

      j)      the insurer of a party to the litigation and their employees to the extent reasonably necessary to assist the party's counsel to afford the insurer an opportunity to investigate and evaluate the claim for purposes of determining coverage and for settlement purposes;

      k)      a party's representatives, officers, and employees as necessary to assist counsel with this litigation; and

      l)      if those listed in sections B(1)(a)-(j) engage their partners, associates, employees, staff, or personnel to render reasonably necessary professional services, then these individuals must be advised of and subject to the provisions of this PO and must hold the information, documents, or other materials in confidence.

(2) ATTORNEYS' EYES ONLY INFORMATION.

      a)      The parties and counsel for the parties may permit the disclosure of any information, documents, or other materials designated as ATTORNEYS' EYES ONLY by any other party or nonparty under this PO to those identified in sections (B)(1)(a) and (c)-(i).

      b)      Counsel for the parties may not permit the disclosure of any information, documents, or other materials designated as ATTORNEYS' EYES ONLY by any

other party or nonparty under this PO to the counsel's client except as expressly permitted herein.

      i. Counsel may discuss with their clients information that has been designated as ATTORNEYS' EYES ONLY by any other party or nonparty under this PO.

      ii. Counsel's clients may only review documents and/or materials that have been designated as ATTORNEYS' EYES ONLY by any other party or nonparty under this PO at counsel's office and shall not be permitted to take photographs, scan, record, or otherwise obtain said documents or materials in any form which would allow them to review documents and/or materials outside counsel's office

      iii. Counsel's client shall not speak with anyone other than those identified in sections (B)(1)(a) and (c)-(i) regarding any information, documents, or other materials designated as ATTORNEYS' EYES ONLY by any other party or nonparty under this PO.

(3) Information, documents, or other materials designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this PO must not be used for any purpose whatsoever other than preparing for and conducting the litigation in which the information, documents, or other materials were disclosed (including appeals). The parties must not disclose information, documents, or other materials designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY.

**(C) Inadvertent Failure to Designate and Inadvertent Disclosure.**

6

(1) Inadvertent Failure to Designate. If a non-party inadvertently discloses information, documents, or other materials containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information without marking or labeling it as such, the information, documents, or other materials do not lose their protected status by production. The producing party must take all steps reasonably required to assure its continued confidentiality, including: (a) providing written notice to the receiving party within 10 days of the discovery of the inadvertent production; (b) identifying the information, document, or other materials in question; and (c) simultaneously providing appropriately designated substitute copies. After receiving notice and the production of substitute copies, the receiving party must destroy or return undesignated information, documents, or other materials.

(2) Inadvertent Disclosure of Information Covered by Attorney-Client Privilege or Work Product Protection in Information, Documents, or Other Materials Designated CONFIDENTIAL or ATTORNEYS' EYES ONLY. Inadvertent disclosure of any information, documents, or other materials that are subject to an objection based on attorney-client privilege or work-product protection will not be deemed to waive a party's claim to its attorney-client privilege or work-product protection and will not estop that party or the privilege holder from designating the information or documents as attorney-client privileged or subject to work-product protection at a later date.

If a person or entity inadvertently discloses information, documents, or other materials that it believes is subject to a claim of attorney-client privilege or work-product protection, the producing party may give prompt written notice to the receiving party that the information, documents, or other materials is subject to a claim of attorney-client privilege or work-product

7

protection and may request that it be returned to the producing party. Upon notice, regardless of whether the receiving party agrees with the claim of privilege or work-product protection, the receiving party must:

    a)    return or sequester the information at issue;

    b)    not use or disclose the materials until the matter is resolved; and

    c)    take reasonable steps to retrieve the information if the receiving party further disclosed it.

If the receiving party disputes that the information at issue is subject to attorney-client privilege or work-product protection, the receiving party or entity must make reasonable efforts to resolve the dispute without court assistance. If the dispute cannot be resolved, the receiving party may move the court, under seal, within 45 days of the prompt written communication sent to the opposing party. The motion must follow the requirements of URCP 37. The producing party must preserve the information at issue until the claim is resolved.

**(D) Maintenance of Designation.**

(1) Except as provided in section (B), counsel for the parties must keep all information, documents, or other materials designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY that are received under this PO secure within their exclusive possession and must place the information, documents, or other materials in a secure area.

(2) All documents, including attorney notes, abstracts, and copies, that contain another's CONFIDENTIAL or ATTORNEYS' EYES ONLY information must be handled as if they were so designated.

8

(3) If any deposition transcripts, memoranda, or any other papers filed with the court include CONFIDENTIAL or ATTORNEYS' EYES ONLY information, they must be so designated and filed consistent with URCP 26.

(4) If a filing contains information, documents, or other materials that were designated CONFIDENTIAL or ATTORNEYS' EYES ONLY by a nonparty, the party making the filing must provide prompt written notice of the filing to the nonparty.

(5) If information, documents, or other materials are reviewed by a receiving party before production, any knowledge learned during the review will be treated by the receiving party as ATTORNEYS' EYES ONLY until the information has been produced, at which time any affixed designation controls. Absent the express permission of the producing party, or as otherwise permitted by an order or rule of the court, no photograph or any other means of duplication, including electronic means, is permitted before the information is produced with the appropriate designation. Any such duplicate will be treated by the receiving party as having the same designation as the original.

There will be no waiver of confidentiality by the inspection of confidential information, documents, or other materials before they are copied and designated.

(6) If a question is asked at a deposition and a party claims the answer requires the disclosure of CONFIDENTIAL or ATTORNEYS' EYES ONLY information, the following must occur:

    a)    every person present must be advised of the PO by the party asserting confidentiality;

    b)  all persons who are not allowed to receive the information under this PO, other than the witness, must leave the deposition while the information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY is disclosed; and

    c)  Mr. Jacobs must answer the question completely.

  (7) If a receiving party is served a subpoena or court order, issued in a separate action, that seeks CONFIDENTIAL or ATTORNEYS' EYES ONLY designated information, documents, or other materials, the receiving party must give prompt written notice to counsel for the producing party to allow a meaningful opportunity to challenge the subpoena or court order before the deadline to comply. No compulsory disclosure to nonparties of CONFIDENTIAL or ATTORNEYS' EYES ONLY designated information, documents, or other materials under this PO is deemed a waiver of any claim of confidentiality, except when there is a judicial determination finding otherwise.

**(E) Challenges to a Designation.**

  (1) A party may challenge the producing party's designation of CONFIDENTIAL or ATTORNEYS' EYES ONLY at any time.

  (2) To challenge the designation of CONFIDENTIAL or ATTORNEYS' EYES ONLY, the receiving party must make reasonable efforts, without court assistance, to resolve the dispute. At a minimum, those efforts must include:

    a)  a prompt written communication sent to the producing party identifying the information, documents, or other materials at issue and specifying why they believe the designation is improper; and

        b)    a request that the producing party meet and confer, including suggested dates and times.

(3) If the parties are unable to resolve the dispute after engaging in reasonable efforts in section (E)(2)(a)-(b), the receiving party may file a motion consistent with URCP 37. The motion must include a certification that states:

        a)    the parties made reasonable efforts to reach agreement on the disputed matters;

        b)    the date, time, and method of the reasonable efforts; and

        c)    the names of all participating parties or attorneys.

(4) The receiving party bears the burden of proving that the designation is proper.

**(F) Conclusion of litigation.**

At the conclusion of the litigation, a non-party may request that all information, documents, or other materials that were not filed with the court and not received into evidence and were designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this PO, be returned to the originating party or, if the parties so stipulate, destroyed, unless otherwise provided by law.

Notwithstanding the requirements of this paragraph, a party may retain a complete set of all documents filed with the court, subject to all other restrictions of this PO.

**(G) Continuing Jurisdiction of Court to Enforce the PO.**

After the termination of this action, the court will continue to have jurisdiction to enforce this PO.

IT IS SO ORDERED.

11

**In accordance with Utah R. Civ. P. 10(e) and Utah State District Courts Efiling Standard No. 4, this Order does not bear the handwritten signature of the Court, but instead displays an electronic signature at the top of the first page of this Order.**

## ATTACHMENT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that they have read the court's Protective Order ("PO") attached hereto and dated _____ in the case captioned _____, understands the terms and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the Utah State District Court in matters relating to this PO and understands that the terms of the PO obligate them to use information, documents, or other materials designated as CONFIDENTIAL in accordance with the PO solely for the purposes of the above-captioned action, and not to disclose information, documents, or other materials designated as CONFIDENTIAL to any other person, firm, or concern, except in accordance with the provisions of the PO. The undersigned acknowledges that violation of the PO may result in penalties for contempt of court.

 Name: _____

 Job Title: _____

 Employer: _____

 Business Address: _____

 Date: _____

 _____

 Signature

13

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2025, I filed with the Court via the GreenFiling System a true and correct copy of the foregoing **(PROPOSED) PROTECTIVE ORDER FOR DEPOSITION OF DAVID JACOBS** which sent notification to counsel who have made an appearance.

/s/ Tyson C. Horrocks

34258932_v5