Mark L. Eisenhut (18359)
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
Tel:   (949) 717-3000
Fax:   (949) 717-3100
meisenhut@calljensen.com

Attorneys for Defendant Timothy Ballard

# UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| CELESTE BORYS, MARY HALL, SASHLEIGHA HIGHTOWER, KRISTA KACEY, KIRA LYNCH, and BREE RIGHTER,<br><br>        Plaintiffs,<br><br>vs.<br><br>TIMOTHY BALLARD, an individual; MATTHEW COOPER, an individual; MICHAEL PORENTA, an individual; OPERATION UNDERGROUND RAILROAD, INC., AKA OUR RESCUE, a Utah non-profit corporation; MS WILLIAMS & COMPANY, LLC, a Wyoming Limited Liability Company, and DOES 1 through 100,<br><br>        Defendants. | **DEFENDANT TIMOTHY BALLARD'S OBJECTION TO PLAINTIFFS' NEW EVIDENCE IN SUPPORT THEIR OPPOSITION TO DEFENDANT'S MOTION FOR TERMINATING SANCTIONS**<br><br>Case No.  2:24-CV-000794-RJS<br><br>Judge Robert J. Shelby |

Defendant Timothy Ballard ("Defendant"), by and through counsel, respectfully submits this Objection to Plaintiffs' Addendum of new "evidence" submitted in support of their Opposition to Defendant's Motion for Terminating Sanctions.

## I. OBJECTION TO ADDITIONAL EVIDENCE SUBMITTED ON FURTHER OPPOSITION

Briefing on Mr. Ballard's Motion for Terminating Sanctions concluded over two (2) months ago—December 15, 2025, to be exact—when Mr. Ballard submitted his Reply in support of his Motion for Terminating Sanctions, leaving no doubt that briefing had concluded. Under DUCivR 7-1(b)(3), briefing is complete upon the filing of a reply memorandum, and no additional memoranda may be filed without leave of Court.

Instead, Plaintiffs have entirely disregarded the conclusion of briefing, as they have done numerous times across the various cases, and submitted additional purported evidence months after the close of briefing, without permission from this Court and without seeking leave or showing of good cause under Federal Rule of Civil Procedure 6(b). The material is not new. It is not relevant. And it is not properly before the Court.

The "new evidence" submitted includes 71 pages of argument and irrelevant exhibits under a manufactured "new evidence" and relevancy standard—again—without permission from this Court and without procedural basis. Ballard objects to it in its entirety and requests that it be stricken and disregarded and further reserves the option to bring a sanctions motion for Plaintiffs' continued, blatant abuse of the discovery process, the irony of which is not lost, given the submission was in connection with a motion directed to that very issue.

Plaintiffs and their counsel have consistently attempted to prejudice Ballard and these proceedings in the media and before this Court. Plaintiffs' conduct reflects a pattern of procedural abuse designed to evade the orderly adjudication of this Motion and to gain an unfair tactical advantage.

## II.  PLAINTIFFS' ADDITIONAL EVIDENCE IS IMPROPER

Plaintiffs' opposition cannot be based on an attempted last-minute ambush via a post hoc compilation of materials unveiled months too late. The Court should disregard these voluminous materials which were submitted shortly before the hearing. Allowing piecemeal, ever-expanding submissions would eviscerate the orderly structure of federal motion practice under the Federal Rules of Civil Procedure and this Court's Local Rules and encourage sandbagging tactics which prejudice Defendant.

DUCivR 7-1(b)(3) is clear that additional memoranda may not be filed absent leave of Court, which Plaintiffs never sought. Plaintiffs did not seek leave from this Court to supplement the record prior to submitting their "new evidence," nor did Ballard agree/stipulate to such tardy submission.

If Plaintiffs truly believed supplementation was warranted, the Rules required them to file a motion and demonstrate good cause—and, given the timing, excusable neglect—under Federal Rule of Civil Procedure 6(b). They did neither. That procedural failure alone with warrants striking the submission.

Their conduct also warrants sanctions. A party cannot simply ignore the Federal Rules of Civil Procedure and this Court's Local Rules, file unauthorized materials, and force the opposing party and the Court to deal with the consequences. The prejudice is acute. Plaintiffs filed these materials months after briefing closed, depriving Ballard of

any meaningful opportunity to respond. This is textbook sandbagging and independently justifies exclusion.

Moreover, the additional evidence submitted by Plaintiffs is neither new nor relevant to Ballard's Motion for Terminating Sanctions. In a backdoor attempt to get this late submitted evidence before this Court, Plaintiffs claim the evidence shows that Ms. Borys was "credible and correct" when testifying about Ballard's social media use in another case. While the evidence shows no such thing (and indeed the opposite is true), this has nothing to do with the Motion for Terminating Sanctions. The Terminating Sanctions Motion, as set forth in the briefing, concerns Plaintiffs' and their counsel's gross misconduct of stealing, receiving, and weaponizing privileged and confidential documents and information. And the "new" evidence regarding Ms. Borys's skirt has been loudly and repeatedly proclaimed by Plaintiffs for two years – it is not new, and it is not relevant.

This is not supplementation—it is an improper attempt to distract from the misconduct at issue by injecting collateral and irrelevant material into the record. Nothing in the irrelevant submission can possibly cure or excuse the misconduct at issue in this Motion. The submission is irrelevant and improper.

Defendant respectfully requests that the Court strike and disregard all materials first presented after the reply and decide the Motion on the properly presented record. Alternatively, if the Court is inclined to consider any portion of Plaintiffs' submission,

Defendant respectfully requests leave to file a sur-reply with his own additional evidence and rebuttal argument, and a continuance of the hearing sufficient to eliminate the prejudice caused by Plaintiffs' improper late filing.

Dated:  February 26, 2026          CALL & JENSEN
                                   A Professional Corporation
                                   Mark L. Eisenhut


                                   By: */s/ Mark L. Eisenhut*
                                        Mark L. Eisenhut

                                   Attorneys for Defendant Timothy Ballard

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2026, I electronically filed the foregoing document described as **DEFENDANT TIMOTHY BALLARD'S OBJECTION TO PLAINTIFFS' NEW EVIDENCE IN SUPPORT THEIR OPPOSITION TO DEFENDANT'S MOTION FOR TERMINATING SANCTIONS** with the Clerk of the Court using the CM/ECF System which will send notification of such filing via electronic mail to all counsel of record.

By: /s/ *Ashley Brimhall*
Ashley Brimhall