IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CELESTE BORYS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TIMOTHY BALLARD, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:24-cv-00794-RJS-JCB<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

Before the court is Plaintiff Celeste Borys's Motion to Reconsider.[1] The Motion requests the court limit its dismissal of Borys's claims to those against Defendant Timothy Ballard and allow her claims against Defendant Aerial Recovery to proceed.[2] For the reasons stated below, the court GRANTS the Motion.

**BACKGROUND and PROCEDURAL HISTORY[3]**

Borys and five other Plaintiffs bring this action against Ballard and Aerial Recovery, asserting forced labor and sexual services claims under the Trafficking Victims Protection Reauthorization Act of 2003.[4] Plaintiffs previously filed a series of state court complaints against Ballard. In one action brought by Borys and her husband against Ballard and several other Defendants,[5] Ballard sought terminating sanctions against Borys.[6] Ballard alleged Borys

[1] Dkt. 95, *Plaintiff Celeste Borys' Motion to Reconsider the Dismissal of Her Claims Against Defendant Aerial Recovery* (*Motion*).

[2] *Motion* at 2; *see also* Dkt. 91, *Memorandum Decision and Order* (*Dismissal Order*).

[3] This order contains a brief summary of the background facts. The full recitation of the factual background and procedural history can be found in the Dismissal Order. *See Dismissal Order* at 1–7.

[4] *See* Dkt. 57, *Second Amended Complaint for Anti-Trafficking* (*Complaint*).

[5] *See Borys v. Ballard,* No. 230907663 (Utah 3rd Dist. Ct. Oct. 10, 2023) Dkt. 3, *Complaint and Jury Demand*.

[6] *Id.* Dkt. 475, *Defendant Timothy Ballard's Motion for Terminating Sanctions and Request for Hearing*.

improperly accessed and searched his private email and Google Drive while actively pursuing litigation against him, took between 90 and 100 documents, and had her attorneys file the materials—including some marked "privileged"—in the various state court proceedings against him.[7] After conducting extensive briefing and a two-day evidentiary hearing on the issue, Judge Todd Shaughnessy issued terminating sanctions against Borys and dismissed her claims against all the defendants.[8]

On October 10, 2025, Ballard filed a Motion for Terminating Sanctions in this court.[9] On June 29, 2026, the court granted Ballard's Motion in part.[10] The court applied issue preclusion to Judge Shaughnessy's factual findings "that Borys and her attorneys, Alan Mortensen and Suzette Rasmussen, willfully, intentionally, and without permission took and used the documents—including some marked 'privileged'—in order to circumvent the discovery process and gather evidence to be used against Ballard."[11] The court then considered the misconduct in light of the Tenth Circuit's factors for assessing dismissal sanctions[12] and found Borys's conduct substantially prejudiced Ballard; significantly interfered with the judicial process; was "willful, taken in bad faith, and with fault"; and could not be effectively addressed with lesser sanctions.[13] The court accordingly dismissed Borys's claims with prejudice.[14] The court did not directly address or otherwise discuss Borys's claims against Aerial Recovery.[15]

---

[7] *See id.*

[8] *Borys v. Ballard, No. 230907663 (Utah 3rd Dist. Ct. Jul. 18, 2025)* Dkt. 1334 *(State Court Order).* The Motion for Terminating Sanctions includes the State Court Order as an attachment. *See* Dkt. 39-7, *Exhibit E*.

[9] Dkt. 39, *Defendant Timothy Ballard's Motion for Terminating Sanctions*.

[10] *Dismissal Order* at 26.

[11] *Id.* at 15 (*citing State Court Order* at 51).

[12] *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

[13] *Dismissal Order* at 16–21.

[14] *Id.* at 26.

[15] *See generally id.*

On July 2, 2026, Borys filed the instant Motion.[16] Borys asks the court to reconsider the dismissal of her claims against Aerial Recovery.[17] The Motion is fully briefed and ripe for review.[18]

## LEGAL STANDARD

Federal Rule of Civil Procedure 54 provides that when multiple parties are involved in an action, the court may revise an order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties."[19] Unlike the strict standards which constrain a court when reconsidering a final order under Federal Rules of Civil Procedure 59(e) and 60(b), district courts are afforded wide discretion when reconsidering interlocutory orders under Rule 54.[20]

## ANALYSIS

Borys argues reinstating her claims against Aerial Recovery is appropriate because the Dismissal Order only discussed her claims and conduct against Ballard, and it would produce "manifest injustice" to dismiss the Aerial Recovery claims because the organization was not prejudiced by her conduct.[21] Aerial Recovery counters arguing Borys's Motion fails to meet the requisite legal standards under Rule 54, and dismissal of all of Borys's claims is the proper sanction for her misconduct.[22] This Order proceeds in two parts. The court first considers whether relief under Rule 54 is available here. Finding the circumstances presented warrant

---

[16] *Motion*.

[17] *See generally id.*

[18] *Id.*; Dkt. 100, *Aerial Recovery's Opposition to Celeste Borys' Motion to Reconsider the Dismissal of her Claims against Defendant Aerial Recovery* (*Opposition*); Dkt. 101, *Plaintiff Celeste Borys's Reply Memorandum Supporting Motion to Reconsider the Dismissal of her Claims against Defendant Aerial Recovery* (*Reply*).

[19] Fed. R. Civ. P. 54(b).

[20] *See Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011).

[21] *Motion* at 3–6.

[22] *Opposition* at 4–9.

relief, the court then considers whether dismissal of Borys's claims against Aerial Recovery is an appropriate sanction for her previous misconduct.

## I. Rule 54 Relief

The court begins its analysis with whether Borys has sufficiently demonstrated that reconsideration of the Dismissal Order is proper under Rule 54. Aerial Recover asserts "motions for reconsideration must be grounded in 'new evidence, an intervening change in the controlling law, or the need to correct clear error or prevent manifest injustice[,]'" and "relief is only appropriate when 'the court has misapprehended the facts, a party's position, or the controlling law.'"[23] Aerial Recovery contends the Motion does not satisfy any of these grounds.[24] Borys responds arguing Aerial Recovery applies the incorrect standard for a motion to reconsider under Rule 54, and the court "generally remain[s] free to reconsider [its] earlier interlocutory orders."[25]

The court agrees with Borys and concludes relief is appropriate here. In *Luo v. Wang*,[26] the Tenth Circuit recently clarified that the criteria cited by Aerial Recovery "apply to a 'motion for reconsideration after a final judgment[,]" and a district court need not apply the criteria in reconsidering an interlocutory order.[27] A district court deciding a Rule 54 motion before final judgment may consider whether new evidence or legal authority has emerged in the intervening period or whether the prior ruling was clearly erroneous,[28] but it is not required to do so.[29] The

---

[23] *Opposition* at 4 (quoting *King v. IC Group, Inc.*, 743 F. Supp. 3d 1346, 1351–52 (D. Utah 2024)).

[24] *Id.* at 5.

[25] *Reply* at 2–4 (quoting *Rimbert*, 647 F.3d at 1251).

[26] 71 F.4th 1289 (10th Cir. 2023).

[27] *Id.* at 1298–99.

[28] *See Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1025 (10th Cir. 2018) (affirming a district court's decision to deny a motion to reconsider an interlocutory order because no new evidence or legal authority had emerged nor was the prior ruling clearly in error).

[29] *See Luo*, 71 F.4th at 1298–99.

court's decision will be reviewed "only [for] whether the court abused its discretion in weighing the facts and applying the law."[30] Therefore, the court has discretion to reconsider the Dismissal Order.

The court concludes it is appropriate to reconsider its decision to dismiss Borys's claims against Aerial Recovery. The Dismissal Order did not mention or discuss Aerial Recovery, nor did it address the specific claims against it.[31] Neither did the court apply the standard for assessing terminating sanctions toward Borys's conduct against Aerial Recovery. Because the Dismissal Order does not meaningfully consider these issues, the court concludes it is appropriate to revisit the order and address them here.

## II. Claims Against Aerial Recovery

Having concluded reconsideration under Rule 54 is appropriate here, the court now turns to whether Borys's misconduct merits the dismissal of her claims against Aerial Recovery. A sanction of dismissal is only appropriate when the misconduct is shown by clear and convincing evidence to have been "predicated upon willfulness, bad faith, or some fault of" the malfeasant party.[32] Conduct constitutes "bad faith if it shows an 'intentional or reckless disregard of the rules,'" while fault concerns "the reasonableness of the conduct—or lack thereof—which eventually culminated in the violation."[33]

In *Ehrenhaus v. Reynolds*,[34] the Tenth Circuit established five factors to consider when determining whether dismissal sanctions are appropriate: "(1) the degree of actual prejudice to

---

[30] *Id.* at 1299.

[31] *See Dismissal Order*.

[32] *Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.*, 70 F.3d 1172, 1175 (10th Cir. 1995) (citation modified).

[33] *Xyngular Corp. v. Schenkel*, 200 F. Supp. 3d 1273, 1301–02 (D. Utah 2016).

[34] 965 F.2d 916 (10th Cir. 1992).

the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."[35] "These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction."[36] A sanction of dismissal is warranted only when these "aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits."[37] Because Aerial Recovery argues Borys's conduct merits dismissal of her claims,[38] it bears the burden of persuasion to show the factors weigh in its favor.[39]

In the Dismissal Order, the court concluded that, other than the prior-warning factor, the *Ehrenhaus* factors heavily favored dismissing Borys's claims against Ballard. The court reconsiders the factors with regards to Aerial Recovery and concludes the lack of prejudice toward it and the availability of lesser sanctions merit a different result.

*a. Prejudice Against Ballard*

The first factor the court considers is "the degree of actual prejudice to the opposing party."[40] The court previously concluded that Borys's misconduct substantially prejudiced Ballard because it "deprived Ballard of meaningful discovery protections and the established processes under the Federal Rules of Civil Procedure[,]" exposed him to "the improper

---

[35] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citation modified).

[36] *Id.*

[37] *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007).

[38] *Opposition* at 5–7.

[39] *See Gates Rubber Co. v. Bando Chem. Indus.*, 167 F.R.D. 90, 109 (D. Colo. 1996) (stating "dispositive sanctions should only be granted where the moving party persuades the judge to do so by evidence which is clear and convincing").

[40] *LaFleur v. Teen Help*, 342 F.3d 1145, 1151 (10th Cir. 2003).

disclosure of embarrassing or oppressive materials[,]" and gave her and her attorneys "knowledge[] of potentially privileged information which could be applicable to his defense."[41]

Aerial Recovery argues "[t]o the extent Borys's conduct prejudices Ballard . . . , the same conduct by definition prejudices" it.[42] Aerial Recovery asserts it too was deprived of the rights and protections afforded by the formal discovery process because numerous, potentially confidential documents were made public, and "the two cases involved the same matters in controversy."[43] The court disagrees.

Aerial Recovery has not established any interest in the documents and potentially privileged information Borys accessed.[44] It had no right to assert the privilege over the material during discovery. Neither does Aerial Recovery provide any evidence demonstrating it was subjected to the improper disclosure of embarrassing or oppressive materials.[45] And while Borys may have obtained an improper advantage against Ballard by accessing privileged information important to his litigation strategy, this is not the case for Aerial Recovery because Borys did not obtain any of its privileged materials. Accordingly, the court concludes Aerial Recovery was not meaningfully prejudiced by Borys's misconduct, and this factor weighs heavily against applying terminating sanctions to Borys's claims against it.[46]

---

[41] *Dismissal Order* at 16–18.

[42] *Opposition* at 8.

[43] *Id.* at 8.

[44] *See In re OM Sec. Litig.*, 226 F.R.D. 579, 583 n.3 (N.D. Ohio 2005) ("It is well established that only the party holding the attorney-client privilege may assert it.").

[45] *See generally Opposition.*

[46] *See Ellis v. Hobbs Police Dep't*, No. 17-1011 KWR/GBW, 2020 WL 1041688, at *6–7 (D.N.M. Mar. 4, 2020) (determining terminating sanctions were not appropriate "even if a violation had occurred" because "no discernible prejudice resulted to [the defendants]").

*b. Interference with the Judicial Process*

The second factor the court considers is the amount of interference with the judicial process.[47] The court previously found "Borys's misconduct . . . significantly interfered with the judicial process across multiple cases" by circumventing discovery and "undermin[ing] the integrity of the proceedings."[48] Borys's claims against Aerial Recovery are part of the same judicial proceeding as her federal claims against Ballard, with which Borys's conduct directly interfered. Accordingly, the court concludes this factor weighs in favor of dismissal of the claims against Aerial Recovery.

*c. Culpability*

The third factor the court considers is Borys's culpability.[49] In the Dismissal Order, the Court concluded "Borys's actions were willful, taken in bad faith, and with fault."[50] The court further noted that because "Borys was in active litigation against Ballard when much of the misconduct occurred[,]" her actions were "manifestly unreasonable and in reckless disregard for the rules governing the fair, just, and orderly resolution of disputes in courts of law."[51] Though her misconduct was directed at only one of the two Defendants here, it does not absolve her of culpability for her flagrant violations of the discovery process and rules of litigation. Accordingly, the court concludes this factor also weighs in favor of dismissal.

---

[47] *Ehrenhaus*, 965 F.2d at 921.

[48] *Dismissal Order* at 18.

[49] *Ehrenhaus*, 965 F.2d at 921.

[50] *Dismissal Order* at 19.

[51] *Id.*

*d. Prior Court Warning*

The fourth factor the court considers is whether the court issued advanced warning that dismissal of the action would be a likely sanction.[52] Borys was not warned that searching an adversarial party's private communications for evidence could result in dismissal because Judge Shaughnessy did not become aware of any information warranting a warning until after the misconduct occurred.[53] Additionally, a warning is not required before issuing terminating sanctions.[54] The court therefore concluded "the lack of warning does not preclude terminating sanctions."[55] The same applies to Borys's claims against Aerial Recovery.

*e. Efficacy of Lesser Sanctions*

The final *Ehrenhaus* factor is the "efficacy of lesser sanctions."[56] In the Dismissal Order, the court concluded no sanction short of dismissal would be sufficient.[57] The court found excluding the improperly accessed materials did not effectively address the misconduct because "Plaintiffs have not (so far) relied upon or used the documents in this case[,]" "exclusion would not account for the fact that Borys and her attorneys now possess knowledge of the content of the materials," and "excluding the evidence does not address the harms caused by the documents having already been made public."[58]

Considering the nature of the misconduct and its impacts on Aerial Recovery, the court concludes that excluding the improperly accessed materials—in addition to the dismissal of her

[52] *Ehrenhaus*, 965 F.2d at 921.

[53] *See Dismissal Order* at 20.

[54] *See Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1152 (10th Cir. 2007); *see also Stanley v. Cont'l Oil Co.*, 536 F.2d 914, 917 (10th Cir. 1976) ("[N]o notice of any type need be given by the court prior to dismissal.").

[55] *Id.*

[56] *Ehrenhaus*, 965 F.2d at 921.

[57] *Dismissal Order* at 20–21.

[58] *Id.* at 21.

claims against Ballard—would effectively address the misconduct. While excluding the evidence is insufficient to address the harms caused to Ballard by the earlier release of the documents, Borys's misconduct has not significantly harmed Aerial Recovery. Unlike Ballard, Aerial Recovery did not have its highly sensitive and potentially embarrassing private communications released to the public, nor did Borys and her attorneys gain a litigation advantage over Aerial Recovery by reviewing numerous potentially privileged documents concerning its legal defense. Borys was already sanctioned for the harms she inflicted upon Ballard through the dismissal of her claims against him. Excluding all the improperly accessed documents—not just those marked privilege—from use in her claims against Aerial Recovery would therefore be an adequate additional sanction for the discovery violations' impacts on Aerial Recovery.

Aerial Recovery argues "failure to dismiss Borys's claims against Aerial Recovery would undermine this court's order and Judge Shaughnessy's order" because Judge Shaughnessy dismissed "Borys's claims against all named defendants" with prejudice.[59] While the State Court Order dismissed Borys's claims against all Defendants, Judge Shaughnessy did not explain why he dismissed Borys's claims against all named Defendants rather than Ballard only.[60] Neither did the State Court Order nor the Dismissal Order apply the *Ehrenhaus* analysis to any other Defendants.[61] Aerial Recovery provides no authority—and the court is aware of none—holding a plaintiff's misconduct against a single defendant requires or even permits the court to dismiss her claims against other defendants who suffered little or no direct prejudice. Without any such precedent, the court will not take such action here.

---

[59] *Opposition* at 9; *State Court Order* at 57.

[60] *See State Court Order*.

[61] *See generally id.*; *Dismissal Order*.

Because only two of the *Ehrenhaus* factors support extending terminating sanctions to Borys's claims against Aerial Recovery and a lesser effective sanction remains available, the court will not dismiss those claims. However, Borys may not use any materials she improperly accessed from Ballard in pursuing her Aerial Recovery claims.

## III. Disqualification of Plaintiffs' Attorneys

In addressing the Motion for Terminating Sanctions, the court considered whether to disqualify Plaintiffs' attorneys involved in the underlying misconduct—Alan Mortensen and Suzette Rasmussen—from continuing to participate in this action.[62] At oral argument on that Motion, Plaintiffs' counsel represented they were actively searching for substitute counsel but had been unsuccessful because the Motion for Terminating Sanctions remained pending.[63] In the Dismissal Order, the court expressly stated it would not decide the issue of disqualification at that time because "counsel expressed their intention not to continue representing the remaining Plaintiffs beyond the resolution of the issue."[64] For the same reason, the court reiterates that it reserves the question of whether to disqualify Mortensen and Rasmussen for consideration at a later time, should they ultimately remain on the case.

## CONCLUSION

For the reasons discussed above, the court GRANTS Borys's Motion to Reconsider.[65] Borys may pursue her claims against Aerial Recovery.

[62] *Dismissal Order* at 26.

[63] Dkt. 84, *Minute Entry*.

[64] *Dismissal Order* at 26.

[65] Dkt. 95.

SO ORDERED this 19th day of October, 2026.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge